$\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$
TO BE PUBLISHED
FINAL
2016-SC-000663-KB
DATE 4/4/17 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                              MOVANT


V.                              IN SUPREME COURT


JAMES E. ISENBERG                                                RESPONDENT


## OPINION AND ORDER

The Board of Governors ("Board") for the Kentucky Bar Association ("KBA") recommends that James E. Isenberg be permanently disbarred from the practice of law and ordered to pay all relevant costs. We agree with and adopt the Board's recommendation. Isenberg, whose bar roster address is 6710 Foxcroft Road, Prospect, KY 40059, was admitted to the practice of law in the Commonwealth of Kentucky in 1976.

In January 2011, Isenberg was suspended from the practice of law for a period of five years. *Kentucky Bar Ass'n v. Isenberg*, 329 S.W.3d 327 (Ky. 2011). Despite his suspension, Isenberg continued to actively practice law, with Isenberg holding himself out to be Counsel for the Brick Layers Local Union #1 of the Kentucky Pension Trust Fund ("Trust Fund"). Isenberg attended Trust Fund meetings, received correspondence which identified him as Fund Counsel, and billed and received payment for legal services. During a

three and one-half year period, Isenberg received between three and four thousand dollars from the Trust Fund. In May 2014, the Trust Fund learned that Isenberg was suspended from the practice of law and subsequently terminated him as Fund Attorney.

In November 2015, the Inquiry Commission ("Commission") initiated a complaint against Isenberg for the above described misconduct. When efforts to serve Isenberg were unsuccessful, service was ultimately accomplished by serving the Executive Director of the KBA pursuant to Supreme Court Rule (SCR) 3.175(2). In April 2016, the Commission, pursuant to SCR 3.190, filed a charge against Isenberg alleging the same facts and allegations detailed above. Attempts to serve Isenberg were once again to no avail. In September 2016, the Commission under SCR 3.210(1) submitted the matter to the Board of Governors, due to Isenberg's failure to answer the charge.

The charge against Isenberg alleged the following counts of misconduct: (1) SCR 3.130(5.5) (Unauthorized practice of law; multijurisdictional practice of law) for engaging in the practice of law while suspended; (2) SCR 3.130(8.4)(c) (Misconduct) for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and (3) SCR 3.130(8.1) (Bar admission and disciplinary matters) for failing to respond to a lawful demand for information from an admissions or disciplinary authority.

Isenberg's charges were submitted to the Board of Governors as a default case pursuant to SCR 3.210. Following a discussion of the charges, eighteen members of the Board voted on Isenberg's charges. As to Counts I and II, the

2

Board unanimously found Isenberg guilty. As to Count III, the Board found Isenberg guilty by a vote of 16 to 2. After considering the relevant authorities and Isenberg's prior disciplinary history, the Board unanimously recommended that he be permanently disbarred from the practice of law and required to pay costs.

Having reviewed the record, we agree that the Board reached the appropriate conclusions as to Isenberg's guilt. It is clear that Isenberg continued to practice law, in defiance of this Court's 2011 order suspending him for five years. Further, Isenberg has failed to respond to the allegations made by Bar Counsel. Additionally, Isenberg has not filed a notice with this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). The decision of the Board is hereby adopted under SCR 3.370(10).

For the foregoing reasons, it is hereby ORDERED:

1. James E. Isenberg is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. Pursuant to SCR 3.450, Isenberg is ordered to pay all costs associated with this disciplinary proceeding, in the amount of $1,702.75, for which execution may issue from this Court upon finality of this Opinion and Order;

3. Pursuant to SCR 3.390, Isenberg shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of

notice to the Office of Bar Counsel. Furthermore, to the extent possible, Isenberg shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: March 23, 2017.

_____
CHIEF JUSTICE